NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NICHOLAS T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, K.N., *Appellees*.

No. 1 CA-JV 17-0174
FILED 12-19-2017

---

Appeal from the Superior Court in Maricopa County
No. JD18102
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

David W. Bell Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Michelle R. Nimmo
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Peter B. Swann and Judge James B. Morse Jr. joined.

---

**M c M U R D I E**, Judge:

**¶1**        Nicholas T. ("Father") appeals the superior court's termination of his parental rights to K.N. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Father and Guadalupe N. ("Mother") are the biological parents of K.N., born in July 2008.[1] In October 2015, the Arizona Department of Child Safety ("DCS") took temporary physical custody of K.N. after reports that Father had abandoned the child, and Mother was neglecting the child by exposing him to domestic violence in the home. DCS initiated dependency proceedings regarding both parents, alleging K.N. was dependent concerning Father due to abandonment and failure to provide for the child's basic needs. The superior court adjudicated K.N. dependent in April 2016, and in October 2016 DCS filed a motion to terminate the parent-child relationship between K.N. and both parents. Regarding Father, DCS alleged K.N. had been in an out-of-home placement for a cumulative total period of (1) nine months or longer and Father had substantially neglected or willfully refused to remedy the circumstances that caused the child to be in an out-of-home placement; and (2) 15 months or longer, and Father failed to remedy the circumstances that caused the child to be in an out-of-home placement. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(8)(a), (c).

**¶3**        After a two-day severance hearing in February and March 2017, the superior court issued an order in March 2017 terminating Father's parental rights on both grounds alleged. The court found the child had been in an out-of-home placement for more than 15 months and that Father had substantially neglected or willfully refused to remedy the circumstances that caused the child to be in an out-of-home placement. Specifically, the

---

[1]        Mother is not a party to this appeal.

court relied on Father's inability to make himself available to parent the child or to provide a stable home environment, and concluded that he would be incapable of exercising proper and effective parental care and control in the near future. The court also found that severance was in the best interests of the child.[2] Father timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A).

## DISCUSSION

**¶4** A parent-child relationship may be terminated when a court finds at least one statutory ground for severance and determines that severance is in the child's best interests. A.R.S. § 8-533(B); *Mary Lou C. v. ADES*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous. *Id.* A court's disposition will be upheld unless there is no reasonable evidence to sustain it. *Id.* We do not reweigh the evidence on appeal. *Jesus M. v. ADES*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

**¶5** Father argues the superior court erred by finding he had "substantially neglected or willfully refused to remedy the circumstances" causing the child to remain in an out-of-home placement for more than nine months, and concluding there was a substantial likelihood that he would be unable to provide proper and effective parental care and control in the near future. Reasonable evidence supports these findings.

**¶6** Under A.R.S. § 8-533(B)(8)(a), a parent's rights may be terminated when a child has been placed out of home:

> for a cumulative total period of nine months or longer[,] . . . and the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement.

The court considers the circumstances at the time of the severance trial in determining whether the conditions resulting in a child's removal have been cured. *Marina P. v. ADES*, 214 Ariz. 326, 330, ¶ 22 (App. 2007).

**¶7** The superior court found Father substantially neglected to remedy the circumstances that caused the child to be in an out-of-home

---

[2] Father does not challenge the superior court's best interests finding on appeal. Therefore, we do not address that finding.

placement because he was still unable to provide basic needs for the child. Father was living in Utah at the time of the hearing, and still had not completed an Interstate Compact on the Placement of Children ("ICPC") application despite the efforts of DCS to initiate one. Father testified at the hearing that he had recently left a residential treatment facility, against the advice of the professionals there. At the facility, he had been receiving treatment for his addiction to cocaine. Father also admitted that he had previously left the same residential treatment facility, and relapsed twice.

¶8        Father contends the superior court should have focused on his "efforts" to remedy the circumstances, rather than his unsuccessful results. *See Marina P.*, 214 Ariz. at 329, ¶ 20 (the test under A.R.S. § 8-533(B)(8)(a) "focuses on the level of the parent's effort to cure the circumstances rather than the parent's success in actually doing so"). In support, Father points out his accomplished sobriety, despite several relapses; his preparedness to return to Arizona because he was no longer on probation; his occasional phone contact with K.N.; and his other completed services that were offered by DCS.[3] Despite this evidence, the record supports the superior court's finding that Father's effort was limited, and therefore he substantially neglected to remedy the specific circumstances causing the out-of-home placement.

¶9        While we applaud Father's sobriety at the time of the hearing, the court identified Father's inability to provide basic needs for the child, including a stable home, which led to K.N. being placed in out-of-home care. At the time of the hearing, the evidence showed Father was living with an ex-girlfriend whom he had previously been convicted of assaulting. While Father claims in his opening brief that he was prepared to move back to Arizona to parent K.N., there is no evidence in the record that he had made any effort to do so at the time of the hearing. In fact, despite DCS's efforts, Father had failed to complete the ICPC application that would have allowed K.N. to return to Father in Utah, failed to seek enforcement of his allotted parenting time under a previous superior court order, and had only physically visited with K.N. twice since his incarceration in February 2013.[4] Finally, while Father did complete several services offered by DCS as part of the reunification efforts, the evidence in the record at the time of the

---

[3]        Father participated in therapy including a focus on domestic violence, dialectical behavior, family skills, and cognitive behavior.

[4]        One of the two visits he testified about was just before the severance hearing, when he returned to Arizona in February 2017.

hearing showed that he had not made any efforts to provide a stable home for, or effectively prepare to parent K.N. in any meaningful way. *See Marina P.*, 214 Ariz. at 329, ¶ 20 ("[T]he moving party must establish that the parent has 'substantially neglected or willfully refused' to cure *the circumstances that had caused the child to remain in a court-supervised placement* out of the parent's care.") (emphasis added). Accordingly, we find the superior court did not abuse its discretion by finding Father substantially neglected to remedy the circumstances that caused the child to be in an out-of-home placement.[5]

**CONCLUSION**

¶10        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[5]        When we have found at least one of the grounds for severance is proven by clear and convincing evidence, we do not need to address claims raised regarding other grounds found by the superior court. *Jesus M.*, 203 Ariz. at 280, ¶ 3.